UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CECILIO JEFF and RAMIRO GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIED AVIATION, LLC., ALLIED AVIATION FUELING OF MIAMI, INC., ALLIED AVIATION HOLDINGS CORPORTION, and ROBERT L. ROSE, individually,<br><br>Defendants. | Case No.: |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs, CECILIO JEFF AND RAMIRO GONZALEZ ("Plaintiffs"), are employees of Defendants, ALLIED AVIATION, LLC., ALLIED AVIATION FUELING OF MIAMI, INC., ALLIED AVIATION HOLDINGS CORPORATION, and ROBERT L. ROSE, individually, ("Defendants"). Plaintiffs bring this action on behalf of themselves and other similarly situated employees of Defendants for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiffs performed non-exempt labor duties on behalf of the Defendants in Miami Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff CECILIO JEFF was hired by Defendants in approximately August, 2006, and continues to work for Defendants to date.

4. Plaintiff RAMIRO GONZALEZ was hired by Defendants in approximately June, 2007, and continues to work for Defendants to date.

1

5. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiffs, and those similarly situated employees, for all overtime hours worked in a work week.

6. Defendant ROBERT L. ROSE, Individually, directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

7. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

8. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

9. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

10. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendants.

11. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

12. At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the

annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto.

13. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

14. At all times material hereto, ROBERT L. ROSE, Individually, managed, owned and/or operated ALLIED AVIATION, LLC., ALLIED AVIATION FUELING OF MIAMI, INC., and ALLIED AVIATION HOLDINGS CORPORATION ("Allied"), and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of Allied. By virtue of such control and authority, ROBERT L. ROSE, Individually, was Plaintiffs' employer as such term is defined by the Act. 29 U.S.C. §201 et seq.

15. Defendants directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

16. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiffs and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendants.

17. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one or more work

weeks on or after August 23, 2009, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

18. Plaintiffs have retained the Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

19. Plaintiffs re-allege and incorporate herein by reference, all allegations contained in Paragraphs 1 through 18 above.

20. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

21. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

22. Defendants knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week. The failure of Defendants to compensate Plaintiffs at their given rate of pay for all hours worked is in violation of the FLSA.

23. Defendants, therefore, are liable to Plaintiffs, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

24. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs, CECILIO JEFF AND RAMIRO GONZALEZ and those similarly situated to them, demand judgment, jointly and severally, against Defendants, ALLIED AVIATION, LLC., ALLIED AVIATION FUELING OF MIAMI, INC., ALLIED AVIATION HOLDINGS CORPORATION, and ROBERT L. ROSE, individually for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

26. Plaintiffs demand trial by jury as to all issues so triable.

Dated:  August 23, 2013

Respectfully submitted,
s/ Andrew I. Glenn_____
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
Florida Bar No.:  577261
Jodi J. Jaffe, Esq.
E-Mail:  jjaffe@jaffeglenn.com
Florida Bar No.:  865516
Jaffe Glenn Law Group, P.A.
12000 Biscayne Boulevard
Suite 305
North Miami, FL 33181
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
Attorneys for Plaintiff